**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0579-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTOINE DENNIS, a/k/a
ANTOINE DAVIS, ANTHONY
DAVIS, and ANTWON DENNIS,

    Defendant-Appellant.

_____

Submitted January 8, 2024 – Decided January 12, 2024

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 06-11-2533.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Ashlea De An Newman, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Antoine Dennis appeals from the denial of his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In a prior appeal, we detailed the facts involving defendant's participation in the murder of Saahron Jones and subsequent conviction by a jury of: second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and 2C:15-1; first-degree armed robbery, N.J.S.A. 2C:15-1; first-degree murder, N.J.S.A. 2C:11-3(a)(1) and/or (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a); and second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b)(1). State v. Dennis, No. A-2956-10 (App. Div. Nov. 29, 2012) (slip op. at 1). We affirmed defendant's convictions and, except for a remand to address improperly merged sentences, we also affirmed his sentence, which included life imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(a), on the murder count and consecutive sentences imposed for other offenses. Id. at 2-3.

In 2013, defendant filed his first PCR petition alleging various claims of ineffective assistance of his trial and appellate counsel. On March 27, 2015, the judge who presided over defendant's trial considered his PCR petition and issued

a detailed written opinion rejecting his claims. On appeal, defendant argued there should have been an evidentiary hearing. We affirmed the trial judge's finding defendant had not demonstrated a prima facie case of ineffective assistance of counsel to warrant a hearing, and concluded defendant's arguments lacked merit. State v. Dennis, No. A-5191-14 (App. Div. July 14, 2017) (slip op. at 6).

On June 13, 2018, defendant filed his second PCR petition alleging claims of ineffective assistance of trial and appellate counsel, including that both failed to challenge the validity of his arrest warrant. Defendant alleged police obtained a search warrant for his home by appearing before the trial judge, but the arrest warrant, which was signed by a detective as the complainant and a sergeant who administered the oath, did not indicate it was authorized in the presence of a judge. Therefore, defendant argued the arrest warrant was "defective and invalid" because it was not "sworn and subscribed" before a judge, pursuant to Rule 3:2-3(b). And, because the arrest warrant was invalid the evidence obtained by it was inadmissible.

A second PCR judge heard defendant's petition and issued a written opinion denying it. He concluded the petition was time-barred pursuant to Rule 3:22-12(a)(2)(A), because defendant's first PCR petition was denied on March

3

27, 2015, and the second petition was filed "on June 13, 2018, over three years after the denial of his first petition" and well beyond the one-year time-bar imposed by the Rule. The judge noted Rule 1:3-4(c) prohibits enlargement of the one-year time limit imposed by Rule 3:22-12(a)(2)(A). Further, the Supreme Court held enlargement of the time limits in the Rule "is absolutely prohibited" and cannot be relaxed under Rule 1:1-2. Aujero v. Cirelli, 110 N.J. 566, 577 (1988).[1] Moreover, defendant's second petition was barred because it did not assert any newly recognized constitutional right or an "ineffectiveness claim . . . based on evidence or information that could not have been discovered earlier through the exercise of reasonable diligence."

Defendant raises the following points on appeal:

> POINT ONE – THE PCR COURT IMPROPERLY DENIED DEFENDANT'S CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF HIS PLEA COUNSEL WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL,

---

[1] See also State v. Jackson, 454 N.J. Super. 284, 293-94 (App. Div. 2018), for a detailed discussion of the Supreme Court's adoption of revised Rules in 2009 making clear the one-year time limitation for a second PCR claim, and the exceptions to the time limitation, which the second PCR judge addressed and found did not apply here.

EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

B. THE PCR COURT IMPROPERLY DENIED DEFENDANT'S PETITION ON PROCEDURAL GROUNDS, AS THE TIMEBAR SET FORTH IN [RULE] 3[:]22-12(A)(2) SHOULD HAVE BEEN RELAXED TO PREVENT A FUNDAMENTAL INJUSTICE.

C. THE PCR COURT ERRED BY DENYING DEFENDANT AN EVIDENTIARY HEARING ON THE CLAIM THAT HIS APPELLATE PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE CLAIM THAT HIS POLICE STATEMENT RESULTED FROM A DEFECTIVE ARREST WARRANT.

D. THE PCR COURT ERRED BY DENYING DEFENDANT AN EVIDENTIARY HEARING ON THE CLAIM THAT HIS APPELLATE PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE CLAIM THAT PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THAT TRIAL COUNSEL'S PERFORMANCE AT THE MOTION FOR A JUDGMENT OF ACQUITTAL WAS DEFICIENT.

A PCR petition is neither "a substitute for direct appeal . . . nor an opportunity to relitigate cases already decided on the merits . . . ." State v. Preciose, 129 N.J. 451, 459 (1992) (citation omitted). When a petitioner claims ineffective assistance of counsel as a basis for relief, they must show counsel's

5

performance was deficient, and but for those errors, they would not have been convicted.  See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).  There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.

A defendant is also entitled to effective assistance of appellate counsel, but "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant . . . ."  State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Appellate counsel will not be found ineffective for failure to raise a meritless issue or errors an appellate court would deem harmless.  See State v. Echols, 199 N.J. 344, 361 (2009).

We conduct a de novo review where a PCR court does not hold an evidentiary hearing.  State v. Harris, 181 N.J. 391, 421 (2004).  A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the claims presented.  R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

A-0579-21

Having considered defendant's claims, the record, and applicable legal principles, we affirm for the reasons set forth in the PCR judge's thorough and well written opinion. We add the following comments.

Defendant's claim appellate PCR counsel was ineffective for not challenging the validity of the arrest warrant ignores the fact the warrant complied with Rule 3:2-1(a)(1). The Rule provides: "All complaints . . . shall be by certification or on oath before a judge or other person authorized by N.J.S.A. 2B:12-21 to take complaints." As we noted, the arrest warrant was submitted by certification and contained the signatures of the complaining detective and the sergeant who administered the oath. It is undisputed the trial judge also signed the warrant. The fact the search warrant was obtained by the other method permitted under Rule 3:2-1(a)(1), namely, by oath before the judge rather than certification, did not invalidate the arrest warrant.

Therefore, appellate PCR counsel was not ineffective for failing to raise this meritless argument. An evidentiary hearing was not required because there was no material issue of fact, but a misinterpretation of law on defendant's part; underscoring that defendant's petition did not assert a basis to override the time limitation imposed by Rule 3:22-12(a)(2)(A). The remainder of defendant's

arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-0579-21